UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JOHN MARK TAYLOR, et al | CIVIL ACTION NO. 07-2054 |
| VERSUS | U.S. DISTRICT JUDGE DEE D. DRELL |
| TENSAS BASIN LEVEE BOARD, et al | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

Before the court are two motions for summary judgment by the Bossier and Tensas levee district, **doc. #59**, and by the Natchitoches levee district, **doc. # 62**, both of which are referred to me by the district judge for report and recommendation.[1] All of the other levee districts made defendant have been dismissed except the Nineteenth Louisiana Levee District, which is still in the case.[2] Suit was filed in state court and timely removed to this

---

[1] The motions were originally filed as motions to dismiss. However, during oral argument, all parties present referred to and relied on documents and evidence outside the record. The undersigned gave notice that the court intended to convert the motions to motions for summary judgment and invited additional briefs. See doc. #108.

[2] Red River Atchafalaya & Bayou Boeuf Levee District is listed as a defendant. However, the record is devoid of evidence it was ever served and/or entered an appearance. Accordingly, I recommend that the claims against Red River Atchafalaya & Bayou Boeuf Levee District be dismissed without prejudice under Fed.R.Civ.P. 4(m). See McGinnis v. Shalala, 2 F.3d 548, 550 (5th Cir. 1993), cert. den., 510 U.S. 1191, 114 S.Ct. 1293, 127 L.Ed.2d 647 (1994); Systems Signs Supplies v. U.S. Dept. of Justice, 903 F.2d 1011, 1013 (5th Cir. 1990); Kersh v. Derosier, 851 F.2d 1509, 1512 (5th Cir. 1988).

court based on federal question jurisdiction, the defendants having alleged that, because the levee districts are federal law bound to comply with the directives of the U. S. Army Corp. of Engineers, the defendants are "federal agents". The removal has not been challenged.[3]

In the original complaint, styled "class action petition", the plaintiffs allege that they own land situated in Catahoula Parish, Louisiana, and abutting the Little River and the Black River. The complaint alleges that one or more of the defendants listed operate and maintain levee systems across the plaintiffs' land. Evidence in the record shows that the land is entirely within the jurisdictional limits of the Tensas Basin Levee Board.

Plaintiffs allege damages to their property "due to the anticipated wrongful clearing of timber, trespassing, and other activities" by the defendants. It is alleged that defendants intend to cause damages to other unnamed landowners' properties. Plaintiffs claim that the defendants' actions "have damaged, and can be expected to continue to damage" the plaintiffs' property. They allege that the defendants "have destroyed and will continue to destroy" the property. They assert that plaintiffs "understand that the defendants have gone on the plaintiffs' property, or

---

[3] In a prior similar case, Carlton v. Fifth Levee District, 05-0368 on the docket of this court, the district judge denied remand finding, under similar circumstances, that jurisdiction in this court is proper because the levee boards are (for purposes of determining federal jurisdiction) federal agents. See transcript of proceedings, doc. #44.

intend to go on the plaintiffs' property".

Plaintiffs allege that the defendants' actions constitute a trespass, a nuisance, and a "taking" (expropriation) of plaintiffs' property. Plaintiffs seek damages and attorney fees, but do not sue for injunctive relief.

By amending complaint which was ordered filed by the district judge, the plaintiffs attempt to show "commonality" for purposes of the class action status they seek. Doc. #83. The plaintiffs have now filed a motion to certify class. Doc. #113. A separate report and recommendation issues this date with respect to that.

<u>The Law of Summary Judgment</u>

Rule 56 of the Federal Rules of Civil Procedure mandates that a summary judgment:

> "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, [submitted concerning the motion for summary judgment], if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Paragraph (e) of Rule 56 also provides the following:

> "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse

party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."

Local Rule 56.2W also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted for purposes of a motion for summary judgment unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried.

Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict *412 in her favor." Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 178 (5th Cir.1990) ( citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). The moving party bears the burden of establishing that there are no genuine issues

4

of material fact.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. See Celotex, 477 U.S. at 325, 106 S.Ct. 2548; see also Lavespere, 910 F.2d at 178. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. See Celotex, 477 U.S. at 324, 106 S.Ct. 2548. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue exists for trial. See id. at 325, 106 S.Ct. 2548; Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir.1994); Austin v. Will-Burt Company, 361 F. 3d 862, (5th Cir. 2004). This burden is not satisfied with "some metaphysical doubt as to the material facts," by "conclusory allegations," by "unsubstantiated assertions," or by only a "scintilla" of evidence. Little, id.

All evidence must be considered, but the court does not make credibility determinations. If the movant fails to meet its initial burden, summary judgment should be denied. Little, 37 F.3d at 1075.

Analysis

A hearing was held on December 2, 2009 on these two motions. At the hearing, plaintiffs, through counsel, made clear that no

injunctive relief is sought, but that payment for damages to the land and for the timber, as well as payment for the "taking" of the land is sought. Counsel explained that the levee boards are directed by the Corp of Engineers, at least generally, as to the maintenance to be performed and the manner in which it must be performed. The Corp then critiques the levee boards once a year on the condition of the levees and their maintenance of them. Of particular concern to the Corp, are encroachments on the levee, especially trees or saplings more than 2" in diameter which, over time as they grow, can undermine the integrity of the levee.

Plaintiffs allege that recently the Corp has instructed the levee boards to clear 15 feet outside of the levee, that is, to extend their clearing operations some 15 feet outward from the toe[4] of the levee. Plaintiffs allege that some of the trees located in this area are of large diameter. Plaintiffs suggest that in most cases there are perhaps only one or two trees within the 15 foot range on a particular piece of property. It is these threatened acts of which the plaintiffs complain. Nevertheless, plaintiffs' counsel admitted at the hearing that, in the past, the levee boards have not attempted to perform maintenance outside the visible boundaries of the levee and have yet to set foot on their property.

---

[4] As was explained to the court, he toe is that point where the levee meets the natural ground at its outermost edges.

Because the evidence is undisputed that the Bossier Levee District and the Natchitoches Levee & Drainage District have no jurisdiction over the Little River and Black River in Catahoula Parish, Louisiana, and have not damaged or threatened action which may damage plaintiffs' property in Catahoula Parish, both should be dismissed as defendants.

As to the Tensas Basin Levee District, plaintiffs admit that, at this point, the district has not come on plaintiffs' land to do anything and has not damaged it. (See transcript of hearing, Dec. 2, 2008). The mere possibility that property might suffer damage in the future is not actionable. Clayton v. State, 599 So.2d 394 (La. App. 5C. 1992). However, plaintiffs allege that the levee board's receipt of the Corp's direction to go outside the "boundaries" of the traditional levee and up to 15 feet away to perform maintenance and removal of trees is a "ministerial act" which constitutes a taking or appropriation under Louisiana law. Plaintiffs cite, in support, Wynat Development Co. v. Board of Levee Comms. for the Parish of Orleans, 696 So.2d 163 (La. App. 4C., 1997). Wynat held that the passing of a levee board resolution constituted a taking under the facts of that case. Plaintiff urges this court to extend the logic of the Wynat case to hold that the Tensas board's receipt of the Corp's directive to extend maintenance up to 15 feet from the toe of the levee constitutes an appropriation. Plaintiffs contend that the board does not possess a servitude or other right

7

to go outside the toe of the levee to do anything on plaintiffs' property. In support, plaintiffs point to a paragraph from the Corp's "Levee Owner's Manual for Non-Federal Flood Control Works" which seems to direct levee boards to maintain the levee including the area extending 15 feet from the toe. That paragraph provides in pertinent part:

> Any trees that reach 2 inches in diameter or greater, and are located on the levee . . . or within 15 feet of the levee must be cut down, the root ball removed . . .

First, the court is not inclined to extend the reasoning of Wynat to the facts here. Wynat involved a formal resolution of the levee board which specifically identified a map delineating the property it was intentionally taking. Here, there is no evidence of an intentional taking and, at most, we have only a provision contained in the Corp's manual regarding standard procedures relative to maintenance of levees in general.

Second, a District Regulation dated December 17, 2006 clarifies that while the levee owner's manual (designated "LOM" in the regulation) requires 15 feet clear width from the levee toe, "CEMVK will work with local sponsors whose right-of-way does not meet the 15-foot requirement." CEMVK refers to the Vicksburg office of the Corp of Engineers which has jurisdiction over levees within

the Tensas Basin Levee District.[5]

Third, and perhaps most important, is the fact that the reports of inspection by the Corp relative to the Tensas Basin Levees state clearly that vegetation removal is not required beyond the extend of the easement:

> If the levee access easement doesn't extend to the described limits, then the vegetation-free zone must be maintained to the easement limits.

Finally, the Corp's letter to Tensas dated January 22, 2008, enclosing the 2007 inspection reports states that it is providing a table of unwanted woody growth on Tensas' levees "which we believe is within your projects' easement limits. Please define the easement on your projects and provide us with the easement limits."

It is clear from the Manual, the Regulations, the Inspection Reports, and the cover letter that the Corp intends that the levee district stay within its legal easements.

Plaintiffs' petition is replete with "it is anticipated", "can be expected to continue to damage", "on information and belief", "plaintiffs understand". Yet the documents referred to above disprove any intent by the defendant Tensas to damage or take plaintiffs' property. And plaintiffs have admitted, through their counsel at oral argument on these motions, that Tensas has yet to

---

[5] This is shown by the fact that it is that office which inspects the levees and provides the critiques and inspection reports to the Tensas Basin Levee Board.

set foot on their property, much less damage it or take it.

This is a frivolous suit.

Therefore, there has been no taking and no damage and there is no genuine issue of material fact and defendants are entitled to judgment as a matter of law.

For the foregoing reasons, IT IS RECOMMENDED THAT judgment be entered GRANTING defendants Bossier, Natchitoches and Tensas' motions for summary judgment and dismissing them WITHOUT PREJUDICE to the right of plaintiffs to re-file in the event there is later an appropriation or damage. IT IS FURTHER RECOMMENDED that Red River Atchafalaya and Bayou Boeuf Levee District be dismissed for lack of service.

Finally, IT IS RECOMMENDED that sanctions in the form of the cost to defendants, including those defendants previously dismissed, of their defense to this suit be imposed on the plaintiffs and their counsel for the filing of this baseless lawsuit.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or

request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 19th day of March, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE