U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

MAR 19 2009

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

JOHN MARK TAYLOR, et al.          CIVIL No. 07-02054

versus

TENSAS BASIN LEVEE BOARD          JUDGE DEE D. DRELL
DISTRICT, et al.                  MAGISTRATE JUDGE JAMES D. KIRK

REPORT AND RECOMMENDATION

Before the Court is a motion to certify class (Doc. Item 113) filed by plaintiffs John Mark Taylor, Patricia Lynn Taylor, Emmitt Drewitt Taylor, Jr. and Debra Estes Taylor on January 23, 2009 and referred to me by the district judge for report and recommendation.[1] Defendants, Nineteenth Louisiana Levee District, Bossier Levee District, Tensas Basin Levee District and Natchitoches Levee and Drainage District have all filed memorandum in opposition thereto.[2] (Doc. Items 117, 118, 119).

This suit was originally filed in state court and was timely removed to this court based on federal question jurisdiction, the defendants having alleged that because the levee districts are

---

[1] Though plaintiffs state in their memorandum that they "do not seek consideration of the motion at this time" such inaction is not within the court's discretion.

[2] Most of the other levee districts made defendants to this suit have been dismissed. Caddo Levee District has not responded to the motion to certify class and though the Red River Atchafalaya & Bayou Boeuf Levee District is listed as a defendant, the record is devoid of evidence it was ever served and/or entered an appearance.

federal law bound to comply with the directives of the U.S. Army Corp of Engineers, the defendants are "federal agents". The removal has not been challenged.[3]

In the original complaint, styled "class action petition", the plaintiffs allege that they own land situated in Catahoula Parish, Louisiana and abutting the Little River and the Black River. The complaint alleges that one or more of the defendants operate and maintain levee systems across the plaintiff's land. Evidence in the record shows that the land is entirely within the jurisdictional limits of the Tensas Basin Levee District.

Plaintiffs allege damages to their property "due to the anticipated wrongful clearing of timber, trespassing and other activities" by the defendants. It is alleged that defendants intend to cause damages to other unnamed landowners' properties. Plaintiffs claim that the defendants' actions "have damaged, and can be expected to continue to damage" the plaintiffs' property. They allege that the defendants "have destroyed and will continue to destroy" their property. They assert that the plaintiffs "understand that defendants have gone on the plaintiffs' property, or intend to go on the plaintiffs' property".

Plaintiffs allege that the defendants' actions constitute a

---

[3] In a prior similar case, Carlton v. Fifth Levee District, 05-0368 on the docket of this court, the district judge denied remand finding, under similar circumstances, that the jurisdiction of this court is proper because the levee board are (for purposes of determining federal jurisdiction) federal agents. See transcript of proceedings at Doc. Item 44.

trespass, a nuisance, and a "taking" (expropriation) of plaintiffs' property. Plaintiffs seek damages and attorney's fees but do not sue for injunctive relief.

By amending complaint, which was ordered filed by the district judge, the plaintiffs now attempt to show "commonality" for the purposes of the class action status they seek. (Doc. Item 83).

Class Action Certification

A class may be certified only if it meets the four prerequisites found in Rule 23(a) and the additional requirements found in Rule 23(b). Under Fed.R.Civ.P. 23(a), an action may be maintained as a class action if it meets the criteria of numerosity, commonality, typicality, and adequacy of representation. McGrew v. Texas Bd. of Pardons & Paroles, 47 F.3d 158, 161 (5th Cir. 1995).

The requirements for Rule 23(b) are "predominance" and "superiority": Common questions must predominate over any question affecting only individual members; and class resolution must be superior to other available methods for the fair and efficient adjudication of the controversy. Mullen v. Treasure Chest Casino, LLC, 186 F.3d 620, 624 (5th Cir. 1999), cert. denied, 528 U.S. 1159, 120 S.Ct. 1169, 145 L.Ed.2d 1078 (2000), citing Anchem Products v. Windsor, 521 U.S. 591, 117 S.Ct. 2231, 2245, 138 L.Ed.2d 689 (1997).

The district court has wide discretion in deciding whether or not to certify a proposed class. McGrew, 47 F.3d at 161. Also,

Mullen, 186 F.3d at 624.

Numerosity

The numerosity requirement is met where the class is so numerous that joinder of all members is impracticable. Fed.R.Civ.P. 23(a); Mullen, 186 F.3d at 624. The numerosity requirement requires examination of the specific facts of each case and imposes no absolute limitations. General Tel. Co. of the Northwest, Inc. v. EEOC, 446 U.S. 318, 100 S.Ct. 1698, 64 L.Ed.2d 319 (1980). The numerosity requirement imposes no mechanical rules, turning instead on the practicability of joining all class members individually; while the number of claimants is relevant to this determination, a court may consider other factors. Watson v. Shell Oil Co., 979 F.2d 1014, 1022 (5th Cir. 1992). Other relevant factors include the geographical dispersion of the class, the ease with which class members may be identified, the nature of the action, and the size of each plaintiff's claim. Mullen, 186 F.3d at 624-25, citing Zeidma v. J. Ray McDermitt & Co., Inc., 651 F.2d 1030, 1038 (5th Cir. 1981).

Plaintiffs argue that the size of the potential class is in the thousands to tens of thousand as it is comprised of landowners across whose property these levee systems are maintained. Though, as the defendants point out, these landowners have not been identified, it is conceivable that the number of property owners in the five remaining defendants' levee districts are in the thousands and that it would be impractical to join that many plaintiffs to a

single suit. Therefore, plaintiffs have arguably met the burden of proving the numerosity requirement.[4]

Commonality

The commonality test is met when there is at least one issue, the resolution of which will affect all or a significant number of the putative class members. <u>Lightbourn v. County of El Paso</u>, 118 F.3d 421, 426 (5th Cir. 1997), cert. denied, 522 U.S. 1052, 118 S.Ct. 700, 139 L.Ed.2d 643 (1998). Also, <u>Mullen</u>, 186 F.3d at 625.

In this case, plaintiffs state they seek damages from the same condition and circumstances due to the same action or inaction by defendants; the questions of law and fact as to causation and liability are the same and the plaintiffs will all rely upon the same law and facts to support their damages claims.

The potential class members' property is scattered throughout the jurisdictions of five different levee districts. Though the levee districts are all located within the northern half of the state, the landscape and terrain of the properties will vary by location. Therefore, the circumstances under which the levee districts may or may not enter the land will differ as will the defendants' decisions as to what they seek to remove or what they leave behind. Additionally, the procedures and policies each district will have in place will also differ. These and other

---

[4] The term "arguably" is used because, as is noted in the Report and Recommendation, also of this date, regarding the motions for summary judgment by Bossier, Tensas and Natchitoches levee districts (Doc. Items 59 and 62), the plaintiffs lack standing to bring the instant action.

variables are too individualized to allow for the simultaneous resolution of all or a significant portion of the potential class action. Furthermore, as stated by the defendants, the defense of consent is unique to each class member. Therefore, plaintiffs cannot satisfy the requirement of commonality. The same can be said for the typicality requirement.

Typicality

The test for typicality focuses on the similarity between the named plaintiffs' legal and remedial theories and the legal and remedial theories of those whom they purport to represent. Lightbourn, 118 F.3d at 426. Also, Mullen, 186 F.3d at 625.

The claims of the plaintiffs are not typical of the claims of the proposed class members. As stated before, each piece of property will vary with respect to its landscape, drainage, improvements, location, etc. These variables make the purported class members' claims unique. Plaintiffs acknowledge that the damages each plaintiff incurs may be different because they type of tree or amount of fencing removed differs; however, what they cannot easily state is that these damages can be determined without delving into each plaintiff's case.

Furthermore, it is not necessarily true that all property owners land will be entered upon by the defendants and/or that even if entry is made, that consent wasn't obtained or that there was a loss or damage to the property. Accordingly, it cannot be said that the legal and remedial theories and evidence presented will

not differ, and, therefore, the typicality requirement for class certification is not satisfied.

Adequacy of Representation

For the adequacy of representation requirement, the court must determine whether the representative parties will fairly and adequately protect the interests of the class. Mullen, 186 F.3d at 625. To serve as representative, named plaintiffs must have common interests with class members, a lack of interests adverse to class members, and must vigorously prosecute the interests of the class through qualified counsel. This standard requires similarity, not identity of interests. McClain v. Lufkin Industries, Inc., 187 F.R.D. 267 (E.D.Tex. 1999), and cases cited therein. Differences between named plaintiffs and class members render the named plaintiffs inadequate representatives only if those differences create conflicts between the named plaintiffs' interests and the class members interests. Mullen, 186 F.3d at 625. Also, McClain, 187 F.R.D. at 281.

Again, Plaintiffs have not demonstrated that they have or ever will suffer a loss or property damage as a result of a "taking". Nor have they demonstrated that any damage they may incur as a result of a "taking" will be similar to that suffered by the putative class members. As set forth in the Nineteenth Levee District's opposition, despite the plaintiffs' contention that all levee districts are required to follow the U.S. Army Corps of Engineers maintenance schedule, the Nineteenth Levee District has

"historically chosen not to comply if such action would adversely affect and adjacent landowner." (Doc. Item 117, p. 6). Further, it only maintains property within six feet of the levee toe, not the fifteen feet suggested by plaintiffs, and that maintenance is limited to mowing.

Additionally, the fact that the claims of the purported class are so individualized in nature undermines their contention that plaintiffs are adequate representatives. Accordingly, plaintiffs have failed to prove the requirement of adequacy of representation.

Predominate Issues and Superiority

Because the requirements of 23(a) have not been met, there is no need to examine the 23(b) requirements. However, it is worth noting that because questions of law and/or fact are too individualized in nature, there are not common issues which predominate. Therefore, the requirement of predominate issues cannot be met and class resolution cannot be superior to other available methods for the fair and efficient adjudication of the controversy.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Plaintiffs' motion for class certification (Doc. Item 113) be DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from the service of this Report and Recommendation to file specific,

written objections with the Clerk of Court. A party may respond to another party's objections with **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON THE GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana on this 19th day of March, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE